LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
825 Veterans Highway- Ste. B
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
ALEJANDRO ACOSTA, on behalf of himself and all
other persons similarly situated,

                          Plaintiffs,                        **COMPLAINT**

   -against-

                                                                     Collective and Class Action

LOVIN' OVEN CATERING OF SUFFOLK, LLC
d/b/a LANDS END WATERFRONT CATERING,
LOVIN' OVEN/LANDS END CORP., LOVIN' OVEN
CATERING, INC., and GERARD SCOLAN,

                          Defendants.
------------------------------------------------------------------------ X

      Plaintiff, ALEJANDRO ACOSTA ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, LOVIN' OVEN CATERING OF SUFFOLK, LLC d/b/a LANDS END WATERFRONT CATERING, LOVIN' OVEN/LANDS END CORP., LOVIN' OVEN CATERING, INC., and GERARD SCOLAN (collectively "Defendants") alleges as follows:

## NATURE OF THE ACTION

      1.    Defendants are engaged in the restaurant and catering business. The Plaintiff and similarly situated employees performed non-exempt work for the Defendants. Plaintiff and similarly situated employees regularly worked more than forty hours in a week but were not paid overtime in violation of the Fair Labor Standards Act and the New York Labor Law. This is a civil

1

action for damages and equitable relief based upon Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207(a). Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. §216(b).

2. Plaintiff also brings this action on behalf of himself and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid minimum wages, overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

6. Defendants do business in the State of New York, within the Eastern District of New York, maintaining a place of business at 80 Browns River Road, Sayville, New York 11782.

## PARTIES

7. Defendant, Lovin' Oven Catering of Suffolk, LLC was and still is a foreign business entity doing business in the State of New York.

8. At all times relevant, Defendant, Lovin' Oven Catering of Suffolk, LLC, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

9. Defendant, Lovin' Oven/Lands End Corp., was and still is a domestic business corporation.

10. At all times relevant, Defendant, Lovin' Oven/Lands End Corp., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

11. Defendant, Defendant, Lovin' Oven Catering, Inc., was and still is a domestic business corporation.

12. At all times relevant, Defendant, Lovin' Oven Catering, Inc., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

13. The Defendant, Gerard Scollan, was and is the chief executive officer of the above-named defendants.

14. The above-named corporate and limited liability company defendants conducted business under the ownership and day-to-day control and management of Defendant Gerard Scollan. For all purposes they acted as one corporate entity and share equally in the liability and responsibility to pay proper wages to their employees.

15. Defendants' qualifying annual business exceeds $500,000 and the Defendants are engaged in interstate commerce within the meaning of the FLSA as they sold products and used supplies in the course of business that originated in states other than New York. Furthermore, all of Defendants' employees are individually engaged in interstate commerce, as they all handle goods that have been and continue to be moved in interstate commerce and traveled to other states to pick up materials for catering events. This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs.

16. Plaintiff, Alejandro Acosta ("Plaintiff"), was a non-exempt, employee of the Defendants from in or about 2000 to in or about October 2018.

17. Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

## STATEMENT OF FACTS

18. Plaintiff worked for Defendants performing duties including maintaining the premises of Defendants' catering facility and property, preparing for catering events, working catering events, cleaning up catering events, and loading and unloading trucks.

19. On Mondays through Fridays, Plaintiff worked from 7:00 a.m. until 4:00 p.m. or 5:00 p.m. On Saturdays and Sundays, Plaintiff worked from 7:00 a.m. until 6:00 p.m. or 7:00 p.m.

20. Throughout his employment with Defendants, Plaintiff and persons similarly situated to Plaintiff regularly worked more than 40 hours in a workweek.

21. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by and wages paid to Plaintiffs and the Collective Action Plaintiffs.

22. Defendants failed to pay Plaintiff and persons similarly situated to Plaintiff a premium for time worked in excess of 40 hours per week.

23. Defendants paid Plaintiffs on a basis other than an hourly basis in violation of 12 N.Y.C.R.R. §146-2.5.

24. Defendants paid Plaintiffs less than the basic minimum hourly rate for each hour worked in violation of 12 N.Y.C.R.R. §146-1.2(a)(1)(i)(a).

25. Throughout their employment with Defendants, Plaintiff and persons similarly situated to Plaintiff often worked more than ten hours in a single day.

4

26. Defendants failed to pay Plaintiff and persons similarly situated to Plaintiff spread-of-hours pay for each day in which their spread of hours exceeded ten hours.

27. Defendant failed to provide Plaintiff and persons similarly situated to Plaintiff upon hire written notice of their rate of pay and other information required by Section 195 of the New York State Labor Law.

28. Defendants failed to furnish Plaintiff and similarly situated persons with a statement with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of New York Labor Law §195(3).

29. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §146-2.4.

## COLLECTIVE ACTION ALLEGATIONS

30. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

31. Plaintiff also brings FLSA claims on behalf of himself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, maintaining the catering premises, preparing for catering events, working catering events, cleaning up catering events, and loading and unloading trucks at any time during the three (3) years prior to the filing of their respective consent forms.

32. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

33. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

34. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

35. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants in non-exempt positions as at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

36. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the

position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

37. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint.

38. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

39. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) whether Defendants failed and/or refused to pay the Plaintiff and Class Members the minimum wage for all hours worked;

(b) whether Defendants failed and/or refused to pay the Plaintiff and Class Members the overtime wages for hours worked in excess of 40 hours in a single workweek;

(c) whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay when they worked more than 10 hours in a single workday;

(d) whether Defendants' pay practices were done willfully;

(e) whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

  (f)  whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

  (g)  whether Defendants failed to provide Plaintiff and Class Members with a wage notice upon hire, as required by law;

  (h)  whether Defendants failed to furnish the Plaintiff and Class members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law; and

  (i)  what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

40. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendants failed to pay minimum wage, failed to pay overtime wages, failed to pay spread-of-hours pay, and failed to maintain required and accurate records of the hours worked by Plaintiff and the Class.

41. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

42. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

43. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

44. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

45. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

46. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

47. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT: OVERTIME WAGES**

48. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendants employed Plaintiff and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

50. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

51. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

52. Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
### NEW YORK LABOR LAW: MINIMUM WAGES

53. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants paid Plaintiff and Class Members less than the basic minimum hourly rate for each hour worked in violation of 12 N.Y.C.R.R. §146-1.2(a)(1)(i)(a).

55. By Defendants' failure to pay Plaintiff and the Rule 23 Class Members minimum wages for all hours worked they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

56. Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### NEW YORK LABOR LAW: OVERTIME WAGES

57. Plaintiffs alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Plaintiff and Class Members were not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation

59. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate in violation of New York Labor Law.

60. By Defendants' failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

61. Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: SPREAD OF HOURS

62. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

63. Defendants willfully failed to pay Plaintiff and Class Members one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

64. Plaintiff and Class Members are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE NOTICE

65. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

66. Defendants failed to provide Plaintiff and Class Members upon hire with written of their rate of pay and other information required by New York Labor Law §195(1).

67. Plaintiff and Class Members are entitled to recover statutory damages from Defendants.

## SIXTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE STATEMENTS

68. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants failed to furnish Plaintiff and Class Members with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law §195(3).

70. Plaintiff and Class Members are entitled to recover statutory damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Unpaid minimum wages, overtime wages, spread of hours pay and damages pursuant to New York Labor Law §195, liquidated damages and pre- and post-Judgment interest;

(iii) Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv) Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

(v) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(vi) All attorneys' fees and costs incurred in prosecuting these claims; and

(vii) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
October 30, 2018

        LAW OFFICE OF PETER A. ROMERO PLLC
           /s
By: _____
        Peter A. Romero, Esq.
        825 Veterans Highway-Ste B
        Hauppauge, New York 11788
        Tel. (631) 257-5588
        promero@romerolawny.com